**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **MICHAEL SCHULLER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 17 C 8354** |
| | ) | |
| **SPECIALIZED LOAN SERVICING LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM OPINION AND ORDER**

MATTHEW F. KENNELLY, District Judge:

Schuller alleges that Specialized Loan Servicing LLC (SLS), a debt collector,
erroneously reported to credit agencies that he failed to make payments on a second
mortgage. Schuller contends that he cannot obtain credit because of these inaccurate
reports. SLS argues that Schuller failed to state a claim and has moved to dismiss his
complaint. Because Schuller is a pro se plaintiff, the Court reads his complaint
charitably. *Small v. Chao*, 398 F.3d 894, 898 (7th Cir. 2005).

SLS first contends that any state-law claim that Schuller could assert is
preempted by the Fair Credit Reporting Act and must be dismissed. The Court agrees.
The FCRA preempts all state laws "with respect to any subject matter . . . relating to the
responsibilities of persons who furnish information to consumer reporting agencies." 15
U.S.C. § 1681t(b)(1)(F). *See also Purcell v. Bank of Am.*, 659 F.3d 622, 625 (7th Cir.
2011). The FCRA imposes two responsibilities on an entity, like SLS, that furnishes
information to credit agencies. First, section 1681s-2(a) requires the entity to furnish

accurate information.  Second, section 1681s-2(b) requires the entity, after being

notified by a credit agency that the information it furnished has been disputed, to

investigate the disputed information and, if the information is false, take certain remedial

steps.  Because any state-law claims based on the allegations in Schuller's complaint

would fall within the scope of these same two responsibilities, the claims are preempted

by section 1681t(b)(1)(F).  The Court dismisses the state-law claims with prejudice.

Next, SLS argues that Schuller's FCRA claim must be dismissed, as section

1681s-2 does not create a private right of action.  This is partly correct and partly

incorrect.  SLS correctly argues that the FCRA does not establish a private right to

enforce section 1681s-2(a).  *See* 15 U.S.C. § 1681s-2(c)(1).  For this reason, the Court

dismisses Schuller's section 1681s-2(a) claim with prejudice.  But the FCRA does

provide a private right of action for violations of section 1681s-2(b).  *Id.* § 1681o(a),

1681n(a).  To assert a section 1681s-2(b) claim, Schuller must allege that (1) he notified

a credit reporting agency that SLS reported false information, and (2) SLS refused to

investigate or correct the misinformation.  *Lang v. TCF Nat'l Bank*, 249 F. App'x 464,

466 (7th Cir. 2007).  Schuller has alleged the second element, but not the first.

Because Schuller could cure this defect in a new complaint, the Court dismisses his

complaint, but with leave to amend.

### Conclusion

For the foregoing reasons, the Court grants SLS's motion to dismiss [dkt. no. 5].

The dismissal is a dismissal with prejudice with respect to claims under state law and

under section 1681s-2(a), but with leave to amend to assert a claim under section

1681s-2(b) if Schuller is able to do so consistently with his obligations under Federal

Rule of Civil Procedure 11. Any amended complaint must be filed by no later than May 4, 2018. The case is set for a status hearing on May 30, 2018 at 9:30 a.m.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: April 19, 2018